UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Monteilh, et al                                                                Civil Action No. 11-0570

Versus                                                                            Judge Tucker L. Melançon

St. Landry Parish School Board

**REASONS FOR JUDGMENT**
**APPROVING SETTLEMENT OF ATTORNEY FEES**

Before the Court is the Joint Motion For Approval Of Settlement Of Attorney Fees [Rec. Doc. 42] seeking approval of the settlement of plaintiffs' motion for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 (the Civil Rights Attorneys' Fees Awards Act of 1976, as amended) that was reached through mediation before United States Magistrate Judge C. Michael Hill, which was approved by the St. Landry Parish School Board at its regular monthly meeting on November 3, 2011.

At the onset, the Court would like to publicly express its sincere appreciation to Judge Hill for his efforts in making it possible for the last chapter in this and in the underlying litigation that was filed on March 10, 1965. *See Monteilh v. St. Landry Parish*, 6:65-cv-10912, [Rec. Doc. 128] to be concluded.

The Court finds the amount of the proposed fee claim settlement and the manner in which the settlement is to be paid to be fair and reasonable. The Court also notes that the final figure agreed upon by the parties reflects significant and substantial compromise by both sides.

Moreover, the procedure followed in this case satisfies the concerns that animated the

Supreme Court's ruling in *Jeff D. v. Evans*, 475 U.S. 717 (1986).  The settlement of all other issues remaining open in the underlying litigation, which the Court approved on March 25, 2011 [Rec. Doc. 284], was not contingent upon resolution of the fee claim that could be raised by plaintiffs' counsel.  In fact, the settlement in the underlying litigation expressly reserved such claims for future determination.  *See R. 277-1, § F, Settlement Agreement, filed March 2, 2011; R. 284-1, Attachment to Order approving parties' settlement; R. 284 at p. 16, filed March 25, 2011*.  The settlement document also contained an explicit declaration by counsel for the parties that there were no separate, undisclosed agreements of any nature (necessarily including any agreement for the payment of plaintiffs' fee claim without litigation) relating to the agreement submitted for court approval.  *See R. 277-1, § G, Settlement Agreement; R. 284-1, at pp. 16-17; R. 284, at p. 14, Order approving parties' settlement, filed March 25, 2011)*.

In approving the parties' settlement of all matters in the underlying litigation *other than* plaintiffs' claim for an award of fees, the Court determined that the settlement met the relevant legal standards and was entirely fair to the interests of the class of African-American schoolchildren and their parents on whose behalf this litigation was originally commenced.

There was no indication whatsoever in the record of the underlying litigation and the presiding Judge's direct, extensive and regular involvement in the proceeding that any interests of plaintiffs were shortchanged or ignored by their counsel during the lengthy litigation and negotiation processes in the underlying litigation, and certainly no indication

that such occurred in an effort by either party to affect or predetermine the resolution of the plaintiffs' claim for a fee award.

Additionally, the Court observes that when the underlying litigation was commenced on March 10, 1965, there existed no statutory or judicially created basis for making a fee award in school desegregation litigation. See *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 254-57 (1975); *see id.* at 262 (discussing *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400 (1968) (involving initial federal statutory authorization for fees in civil rights litigation under Title II of Civil Rights Act of 1964)) and *Northcross v. Board of Educ. of Memphis City Schs.*, 412 U.S. 427 (1973) (involving initial federal statutory authorization for fees in school desegregation suits, § 718 of the Emergency School Aid Act of 1972, 86 Stat. 369). The *Alyeska* ruling precipitated Congressional passage of the Civil Rights Attorney's Fees Awards Act of 1976, P.L. 94-559, 90 Stat. 2641, § 205(c). There was thus no occasion for any of plaintiffs' original counsel in this matter to have considered requiring, as a condition of providing representation, that a client assign any future fee award to counsel, as is sometimes done today. Nor is there any basis for assuming that having undertaken representation in this case, plaintiffs' counsel shaped his litigation or settlement strategy to any degree in order to affect a fee claim he might make in the matter. Having closely observed the performance of all counsel in this case for over a decade, the Court is fully satisfied that, to Mr. White's credit, he never acted in this litigation in a manner that suggested that his goal was to secure a fee award rather than to achieve constitutional

compliance on behalf of his clients.

For the foregoing reasons, the Court will approve the agreed to settlement between Marion Overton White and the St. Landry Parish School District, negotiated before United States Magistrate Judge C. Michael Hill, which was placed on the record on October 27, 2011 [Rec. Doc. 39], as the Court finds that the agreed to settlement satisfies fully any and all claims for attorney fees on behalf of plaintiffs in this and in the underlying litigation, and at long last will allow the final closure of this and the underlying litigation subject to the Court's March 25, 2011 Order in the underlying litigation.

**SIGNED** at Lafayette, Louisiana, this 21st day of November, 2011.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE